
FILED

NOV 2 0 2014

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 09-023-M-DWM |
|---|---|
| Plaintiff/Respondent, | CV 14-189-M-DWM |
| vs. | ORDER DISMISSING MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| DAVID PAUL PETERS, | |
| Defendant/Movant. | |

On June 16, 2014, Defendant David Paul Peters filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Peters is a federal prisoner proceeding pro se. He asserts he is entitled to relief under *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013). Mot. § 2255 (Doc. 185) at 2.

Peters pled guilty to conspiracy to possess heroin with intent to distribute, a violation of 21 U.S.C. §§ 846 and 841. Because the offense involved more than 100 grams of heroin, and because the United States filed an Information under 21 U.S.C. § 851, Peters faced a mandatory minimum sentence of ten years in prison and a maximum of life. 21 U.S.C. §§ 841(b)(1)(B) & (i), 851; Information (Doc.

1

33). At sentencing, he was designated a career offender under U.S.S.G. § 4B1.1. Presentence Report ¶¶ 47, 80. His advisory guideline range was 262 to 327 months. He was sentenced to serve 262 months, to be followed by eight years' supervised release. Judgment (Doc. 113) at 2-3. He appealed. His conviction was affirmed on October 29, 2010. *United States v. Peters*, No. 09-30384 (9th Cir. Oct. 29, 2010) (unpublished mem. disp.) (Doc. 154).

On January 9, 2012, Peters filed his first motion under 28 U.S.C. § 2255. It was denied for lack of merit, and a certificate of appealability was also denied. Order (Doc. 173). On May 14, 2012, the Court of Appeals denied a certificate of appealability. Order at 1, *United States v. Peters*, No. 12-35235 (9th Cir. May 14, 2012).

On September 26, 2013, Peters filed a second motion under 28 U.S.C. §2255. He asserted a right to relief under *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013). The second § 2255 motion was dismissed for lack of jurisdiction. A certificate of appealability was also denied. Order (Doc. 183). Peters did not appeal.

Peters filed the instant motion, his third, on June 16, 2014. On this occasion, he seeks relief under *Descamps* and asserts that he should be re-sentenced without the career offender designation. But Peters is barred from filing another § 2255

motion unless he can rely on "newly discovered evidence . . . sufficient to establish by clear and convincing evidence" that he is innocent, 28 U.S.C. § 2255(h)(1), or on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2255(h)(2). Peters does not rely on newly discovered evidence. Although he contends that *Descamps* applies retroactively, the Supreme Court has not said so. Nor does *Descamps* announce a new rule of constitutional law. It reiterates an old rule of statutory interpretation. Neither prong of 28 U.S.C. § 2255(h) is met. In addition, Peters would have to make his argument in the Court of Appeals before he could make it here, *see* 28 U.S.C. § 2255(h), but the argument lacks merit in any case.

There is a very narrow exception, commonly called the "escape hatch," to the general rule that an unauthorized second or successive § 2255 motion must be dismissed. An application for a writ of habeas corpus under 28 U.S.C. § 2241 may be available to a federal prisoner for the purpose of challenging a conviction or sentence if it appears that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). The Ninth Circuit holds that § 2255(e)'s escape hatch applies, and a federal prisoner may file a petition under 28 U.S.C. § 2241, only if he "makes a claim of

3

actual innocence" and if he "has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Peters is not innocent, and even if he were, he has certainly had an unobstructed procedural shot at presenting a *Descamps* claim.

Consequently, Peters's motion is an unauthorized second or successive § 2255 motion. This Court lacks jurisdiction to consider it. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Peters does not make a substantial showing of deprivation of a constitutional right. 28 U.S.C. § 2253(c)(2). Nor is there any doubt about the Court's lack of jurisdiction. A certificate of appealability is denied. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Peters's third motion under 28 U.S.C. § 2255 (Doc. 184) is DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Peters files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-189-M-DWM are terminated and shall close the civil file by entering

4

judgment in favor of the United States and against Peters.

DATED this 20th day of November, 2014.

Donald W. Molloy
United States District Judge