IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 09–23–M–DWM–1 |
| Plaintiff, | |
| vs. | ORDER |
| DAVID PAUL PETERS, | |
| Defendant. | |

On October 17, 2023, Defendant David Paul Peters filed a pro se motion under 18 U.S.C. § 3582(c)(1)(A) seeking to reduce his 262-month federal sentence for conspiracy to possess with intent to distribute heroin.[1] (Doc. 219; *see* Doc. 113 (Judg.).) The defendant's projected release date is October 17, 2026. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed May 2, 2024). On November 6, 2023, counsel was appointed to represent the defendant. (Docs. 220, 221.) Appointed counsel filed an amended motion on April 8, 2024. (Docs. 229, 230, 231.) The government opposes. (Doc. 232.) For the reasons stated below, the defendant's motion is granted in part as outlined below.

---

[1] This is Peters' second motion for compassionate release. His first was premised on COVID, (Doc. 207), and was denied on August 7, 2020, (Doc. 218).

ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).

Here, Peters argues that his brother's medical needs and recent changes in federal sentencing law qualify as extraordinary and compelling reasons warranting early release. While he is correct, the § 3553(a) factors support a reduced sentence but not immediate release. Accordingly, his motion is granted in part.

## I.    Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Peters submitted a request to the warden at FCI Butner II on June 20, 2023. (Doc. 219-1 at 4.) That request was denied on July 18, 2023. (*Id.* at 5.) Peters has

2

therefore exhausted the administrative remedies as required by statute.

## II.   Extraordinary and Compelling Reasons

Peters argues that his circumstances qualify as extraordinary and compelling for two reasons: (1) his brother requires a kidney transplant and caregiving assistance and (2) had he been sentenced today, he would not have qualified as a career offender under the Sentencing Guidelines and therefore likely received a lesser sentence.  Both arguments are compelling.

### A.   Brother's Care

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Commission provides explicit examples of such circumstances.  *See* USSG §1B1.13.  Relevant here, extraordinary and compelling reasons exist if the defendant is the only available caregiver for an immediate family member.  USSG §1B1.13(b)(3)(D).  Peters' brother is in kidney failure and has been on dialysis for the past 18 months.  (*See* Doc. 231.)  He receives treatment three days a week and "[h]is treatment runs for about three and a half hours, and he is dependent on family to transport him to the dialysis center and to take care of his daily needs on days of dialysis treatment."  (Doc. 230 at 10.)  While other family members are available to aid in this effort, Peters' brother is also is need of a kidney transplant and "[g]enetically related family members are most likely to be compatible living kidney donors."  (*Id.* at 10–11.)  Determining whether Peters is a

compatible donor requires additional testing, which cannot be done while Peters is in custody. (*See id.*) Thus, Peters may be able to serve a role in his brother's care—i.e., as a kidney donor—that is unique to him. This qualifies as an extraordinary and compelling reason for a reduced sentence.

## B.   Career Offender

Independently, extraordinary and compelling circumstances may also exist if "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in law (other than an amendment to the Guidelines Manual that has not been made retroactive)" has occurred, and "such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." USSG §1B1.13(b)(6). Here, Peters has served over 15 years of his sentence. He was designated a career offender at his 2009 sentencing based on two prior three-point convictions: (1) a 1991 conviction for burglary in California, (PSR ¶ 59), and (2) a 1996 conviction for controlled substance homicide out of Washington, (PSR ¶ 61). As a result, his base offense level increased from 28 to 37. *See* USSG §4B1.1(b) (2008); (PSR ¶ 47). With a total adjusted offense level of 34, (PSR ¶ 50), and a criminal history category of VI, (PSR ¶ 80), Peters' advisory Guideline range at the time of sentencing was 262 to 327 months, (PSR ¶ 106). (*See* Doc. 135 at 5.)

If sentenced today, however, Peters' California burglary conviction would

not qualify as a crime of violence under the career offender Guideline.  *See* USSG

§4B1.2(a) (2023); *see Descamps v. United States*, 570 U.S. 254, 259–60, 277–78

(2013).  Indeed, the government concedes that Peters would not be a career

offender if sentenced today.  (*See* Doc. 232 at 8.)  Without that designation, Peters'

total offense level would have been 25, and with a criminal history category VI,

(*see* PSR ¶ 79), his advisory Guideline range would be 110 to 137 months.

Additionally, had Peters not been subject to the career offender Guideline, he

would likely have qualified for a two-level sentence reduction under Amendment

782, which would have resulted in a reduced base offense level of 26 and an

advisory Guideline range of 92 to 115 months.

Based on the foregoing, Peters has shown extraordinary and compelling

reasons for early release.

**III.   Section 3553(a) Factors**

Nevertheless, demonstrating an extraordinary and compelling reason to

reduce a sentence meets only one element of § 3582(c)(1)(A).  To determine

whether relief is appropriate, a court must also consider the federal sentencing

objectives set forth in 18 U.S.C. § 3553(a).  Pertinent factors include the "nature

and circumstances of the offense and the history and characteristics of the

defendant," the need for the sentence "to reflect the seriousness of the offense, to

promote respect for the law, and to provide just punishment for the offense," to

deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

From 2005 to 2009, Peters regularly transported heroin into Montana from Tacoma, Washington. (PSR ¶¶ 11, 20–25.) He was found accountable for 881 grams of heroin, only 440 grams of which were relied on in calculating his advisory Guideline range to account for his personal use as a drug addict. (PSR ¶ 36.) As discussed above, Peters received a career offender enhancement, which resulted in a total offense level of 34. (PSR ¶ 50.) Peters' criminal history runs approximately 11 pages of his PSR, (*see* PSR ¶¶ 53–76), and, with a total of 19 criminal history points, resulted in a criminal history category VI, (PSR ¶ 79). With a total offense level of 34 and a criminal history category VI, Peters' advisory Guideline range was 262 to 327 months. (PSR ¶ 106.) Peters received a low-end Guideline sentence of 262 months. (Doc. 113.)

Of primary concern here is Peters' criminal history. Peters' prior offenses span a wide field of criminal activity, including, *inter alia*, drug possession, theft, burglary, shoplifting, forgery, and reckless endangerment. (*See* PSR ¶¶ 53–76.) Because many of these convictions did not score under the Guidelines, the

6

government persuasively argues his criminal history is understated. (Doc. 232 at 8.) He has also previously performed poorly on supervision. (*See* PSR ¶¶ 54, 61, 64, 72.) Thus, Peters' history supported a significant term of incarceration and raises a concern as to his dangerousness to the community as defined under 18 U.S.C. § 3142(g).

That said, to date, Peters has served approximately 15.5 years in custody, or 70% of his sentence. (*See* Doc. 230 at 2.) Thus, Peters has already served a significant prison term. Moreover, Peters is no longer the same defendant that was sentenced fifteen years ago. At sentencing, Peters' drug addiction was identified as a main driver of his criminal conduct, (*see* Doc. 135 at 13 ("At its core, drug addiction, heroin addiction is a problem.")), and he has since completed drug education and drug treatment, as well as counseling and anger management courses, (*see* Doc. 219-1 at 2–3). He has also participated in several education programs and earned his GED. (*Id.* at 2.) BOP has designated him a low risk to reoffend, (*id.* at 3), a designation supported by his advancing age, (Doc. 230-1 at 1 (62 years old)). Based on the foregoing, release is not precluded by § 3142(g) and a sentence reduction is warranted under the § 3553(a) factors.

CONCLUSION

Accordingly, IT IS ORDERED:

1. Peters' motion for compassionate release under 18 U.S.C.

7

§ 3582(c)(1)(A) (Docs. 219, 229) is GRANTED IN PART.

2.  Peters' sentence is REDUCED to **time served as of November 1, 2024**.

3.  Prior to that date, the United States Probation Office must verify Peters' residence and establish a release plan, including making appropriate travel arrangements, to ensure Peters' safe release.

4.  The United States Probation Office shall review Peters' conditions of supervised release.  If modifications are needed, the Probation Office shall notify the Federal Defenders of Montana.  Counsel will be appointed to represent Peters.

5.  Peters must provide the Court with the complete address where he will reside upon release.

DATED this ___6___ day of May, 2024.

Donald W. Molloy, District Judge
United States District Court

10:20 a.m.